No. 3:21-cv-00418-X

| | | |
|---|---|---|
| PHP Agency, Inc., Plaintiff | § | IN THE UNITES STATES DISTRICT |
| | § | COURT |
| v. | § | |
| | § | |
| Tony Martinez, Maria Elizarraga | § | NORTHERN DISTRICT OF TEXAS |
| Et. al. Defendants | § | DALLAS DIVISION |

Motion to Dismiss of Defendants Tony Martinez and Maria Elizarraga as to Plaintiff's First Amended Original Complaint

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendants Tony Martinez and Maria Elizarraga (TMME) and files this it's Motion to Dismiss as to Plaintiff's First Amended Complaint and would show this Honorable Court as follows:

Defendants TMME incorporate by reference all of the particulars of the following documents previously filed with the court and noted that all of the issues, facts and/or cited cases apply to the TMME defendants and request the court to take judicial notice of said filings when reviewing this TMME motion/response:

1. Contractor Defendants' Motion to Dismiss Plaintiff's Claims set Forth in the First Amended Complaint as filed with this court on 4-13-21 by Counsel Hayward PLLC for Tony Rojas, Pamela Krause, Peter Krause, Kasie Cameron-Perez, Mario Perez, and Eberardo Duarte (i.e. hereinafter Contractor Defendants).

2. Contractor Defendants' Brief in Support of Their Motion to Dismiss as filed with this

Motion to Dismiss of Defendants Tony Martinez and Maria Elizarraga; Page _____

court on 4-13-21 by Counsel Hayward PLLC by counsel Hayward PLLC for Tony Rojas, Pamela Krause, Peter Krause, Kasie Cameron-Perez, Mario Perez, and Eberardo Duarte (i.e. hereinafter Contractor Defendants).

A. Basis of TMME Motion to Dismiss pursuant to Rule 12(b) (6) of the Federal Rules of Civil Procedure.

1. TMME like the Contractor Defendants in their responses as noted above worked for Plaintiff PHP, a multi-level—or pyramid—marketing company in the insurance industry each as an independent contractor representative in Florida. TMME, however, are Defendants living in the State of Florida and conducted their business wholly in Florida and inadvertently without any explanation or opportunity for review signed the New Associate Agreement (NAA) under force and/or duress but without knowledge that the purported NAA contains extremely broad provisions prohibiting, among other things, solicitation of other PHP agents and further restricting agents to sell life insurance products only from insurance carriers that have a business relationship with PHP. TMME denies ever soliciting PHP agents and to the best of their knowledge and/or belief while with PHP only sold products of insurance carriers with a marketing arrangement with PHP. However, such a restrictive model made it virtually impossible for TMME to make a living with PHP and required them to establish new business relationships.

1.     The NAA has restrictive covenants stating that Independent Contractors such as TMME "shall not recruit away, induce or attempt to induce PHP Associates to depart PHP, to sell or solicit products and services which are competitive with PHP for a period of 24 months...shall immediately resign from all appointments with PHP affiliated insurance affiliates and turn over all active client files, leads and applications to PHP upon leaving PHP." Going further, PHP and its Upline Agents routinely threaten that they will "bury" Independent Contractors in litigation if they leave PHP and will make sure they can never make a living in the insurance industry. PHP's tactics have even gone so far as to have its Upline Agents or managers threaten violence against Independent Contractors such as TMME. The TMME Defendants deny that (i) the NAA is enforceable, (ii) they have violated any alleged terms of the NAA, and (iii) they have caused harm to PHP. Setting aside these denials for purposes of the TMME Motion to Dismiss, it is our position the NAA is not enforceable against the TMME Defendants as a matter of law. As previously noted, the TMME Defendants are all Florida residents and the restrictive covenants PHP seeks to enforce here in this lawsuit are not enforceable against Florida residents. For the reasons stated below, PHP's Claims are due to be dismissed and/or ship be dismissed as to the TMME Defendants.

2.     Standard of Review.  A motion to dismiss for failure to state a claim under Rule 12 (b) (6) of the FRCP (Federal Rules of Civil Procedure)  is due to be granted and/or should be granted when it appears a plaintiff can prove no set of facts in support of its claim that would entitle it to relief.  This rule does not require "detailed factual allegations" but demands more than an unadorned the defendants unlawfully harmed me accusation.  Thus, for Plaintiff's to survive a FRCP 12 (b) (6) motion,  the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.  Here PHP pleads no facts—and it cannot plead any facts—that could preclude the application of Florida law to the parties dispute and  Florida  law  simply  does  not  support  PHP's  claims  as  to  the  TMME Defendants.

Under Texas law, courts should turn to either Sec. 187 or 188 of the Restatement (Second) of Conflicts of law (the "Restatement") which states "a contractual choice of law will  be  given  effect  so  long  as  the  contract  bears  a  substantial relationship to the chosen states and so long as the parties choice does not thwart a fundamental policy of the state whose law would otherwise be applied."  Here , in accordance with Merritt, Hawkins & Associates, LLC. v.  Caporicci, , a Texas Court of Appeals case (2016 WL 1757251) the most significant relations occurred in FL since the TMME Defendants never transacted any business in TX since all

contacts and all relationships re the life insurance products they sold and/or the agents they worked with occurred in FL and thus, per Caporicci (Id,)  TX law should apply.   Further, per Caporicci,  FL law should  further apply especially since per the facts known to the TMME Defendants at this time or anytime the NAA did not contain a choice of law provision.

Going further, Florida's  express public policy forbids the types of restrictions on the TMME Defendants that PHP seeks to impose here.  In Florida, the weaker party to an adhesion contract may avoid enforcement of a choice-of-law provision if it would result in substantial injustice to a Florida Defendant.  Even if the parties agreed to a particular jurisdiction's law,  "their freedom (to do so) cannot be unlimited" (De Santis, 793 S.W. 2d at 670).  Specifically, "they cannot by agreement thwart or offend the public policy of the state the law of which ought otherwise to apply. (Id,).  In DeSantis,  the Texas Sup. Ct. clearly noted that virtually every court that has addressed the question of whether enforcement of noncompetition agreements is as matter of fundamental or important state policy has answered in the affirmative. (Id. at  680).

Going further, and without evidence of a choice of law provision in the NAA, it is clear under the Restatement that FL law should apply since FL is the state that has the most significant relationship to the transaction and the parties." (See Weber,

811 F. 3d at 771).

3.   PHP Fails to State a Claim upon Which Relief can be Granted under the Alleged Breach of Contract Claims (Counts 1-4).

PHP has failed to plead with sufficient particularity enough facts to state a claim for relief that is "plausible on its face." (Weber,  811 F. 3d  at 771).  A court should not accept allegations that are merely conclusory, unwarranted deductions of fact or unreasonable inferences. (See  Sprewell v. Golden State Warriors, 266 F. 3d 979,988 (9th Cir. 2001).  As the Supreme Court has declared, "unadorned, the-defendant unlawfully harmed me accusation(s) do not suffice (Igbal, 556 U.S. at 678 (2009).   Here the TMME Defendants per the Plaintiff's Complaint have no way of discerning (1) whether a valid contract exists between PHP and the TMME Defendants; (2) whether PHP has performed under any such contract; (3) when or how the TMME Defendants allegedly breached the contract; and (4) how the TMME actions caused any damages to PHP and thus as a matter of law said complaint fails as a matter of law.

a.  Count One—PHP provides generic, conclusory statements that the TMME Defendants recruited and/or induced PHP Associates to depart PHP within the 24 month period  per the NAA which  were allegedly prevented by the Contract (i.e. the NAA)  but did not identify any of those PHP agents nor did

PHP identify when, where, or how the alleged solicitation took place and thus the PHP allegations fail as a matter of law.

b. Count Two—Again, Plaintiff's complaint fails because it alleges some Defendants but not necessarily the TMME Defendants took confidential information and/or distributed same in alleged violation of the NAA but does not give any specificity as to who allegedly did or took such actions and what specific information was alleged to be distributed and again such claims must fail as a matter of law.

c. Count Three—PHP again relies on "information and belief" that the TMME Defendants in violation of FL law did business with other marketing groups in reference to life insurance product again in alleged violation of the NAA. Again, it appears this count is a mere "assumption or conclusion" as made by PHP without any specific(s) and lumps all Defendants together which violates FL laws which require specifics as to the TMME Defendants and further requires some further confirmation that said provisions in the NAA are not violative of the TMME Defendants right to gainful employment and thereby violative of FL law unlawfully restraining the rights of Independent Contractors such as TMME.

d. Count Four—Again PHP alleges that the Defendants "in toto" violated

provisions of the NAA requiring them to act in a legal, ethical, honest and fair manner" without any specifics as to any alleged violations of same by the TMME Defendants and thus again Count Four must fail as a matter of law.

4.     Allegations as to Alleged Defamation.  It is elementary law that to withstand a claim for defamation the Plaintiff must establish under TX law  (1 ) the challenged broadcast contains assertions of fact about the plaintiff (as opposed to opinion), (2) the challenged statements of fact are defamatory, injuring  the plaintiff's reputation, (3) the challenged assertions of fact are false (4) defendants acted with actual malice in broadcasting the challenged assertions (or acted with negligence if the defendant is deemed a private individual); and (5) plaintiff suffered damages. (See Busch v. Viacom Inter., Inc., 477 F. Supp. 2d 764, 774-75 (N.D. Tex. 2007). Here, PHP's vague assertions of unidentified defamatory statements allegedly made by the TMME Defendants  without regard for the truth are legal conclusions not entitled to assumption of the truth and thus PHP's defamation claim against said Defendants cannot stand and  must be dismissed.

5.     Allegations as to Alleged Tortious Interference Claims (Counts 6 and 8) fail to state a claim and must be dismissed.  To establish a claim for tortuous interference with existing contracts, a plaintiff must prove: (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) that

proximately causes damages; and (4) actual damage or loss. (See All Am. Tel. Inc. v. USLD Commc'ns., Inc. 291 S.W. 3d 518, 531 (Tex. 2009). Based on PHP's complaint neither the TMME Defendants or the court have any way of knowing (a) the alleged terms of any valid contract between PHP and any third party that is alleged to exist; (b) how the TMME Defendants purported actions qualify as willful and intentional interference; (d) when or how the TMME Defendants proximately caused damages to PHP; and (d) what actual damage or loss PHP suffered. The TMME Defendants are not required to guess as to these matters and since PHP did not have sufficient factual allegations in its' complaint to support this claim against the TMME defendants this claim against said Defendants must further fail as a matter of law and be dismissed.

6.     PHP Claims re Defense of Trade Secrets Act. Texas has adopted and codified the Uniform Trade Secrets Act into the Texas Uniform Trade Secrets Act (TUTSA). To state a claim for trade secret misappropriation under TUTSA a plaintiff must show "(a) a trade secret existed; (b) the trade secret was acquired through a breach of confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization of the plaintiff." (See Spear Mktg. Inc. v. Bancorp South Bank, 791 F. 3d 586, 600 (5th Circ. 2015) (construing TX law). PHP attempts to mischaracterize information, specifically, the identities

of its' Independent Contractor Agents and their compensation—as trade secrets. This information allegedly qualifying as "trade secrets" was previously disclosed to the TMME Defendants during their relationships with PHP and is accessible to anyone through a variety of public means. PHP fails to show that (i) it possesses any information that would properly qualify as a trade secret and (ii) the TMME Defendants misappropriated these trade secrets. Because PHP failed to adequately plead each element to succeed on a claim under TUTSA, the Court should dismiss Counts Five and Nine of the Complaint.

Wherefore, premises considered, for all of the reasons as stated herein Plaintiff's claims against the TMME Defendants should be dismissed under this TMME Defendants Motion to Dismiss and said Defendants (i.e. the TMME Defendants) should further be provided such additional relief as deemed just and/or appropriate under these specific facts and/or circumstances.

Respectfully submitted

*Steven R. Pitzner*

Steven R. Pitzner, P.C.

Steven R. Pitzner, Esq.
Bar # 16055900
10701 Gleneagles Lane
Rowlett, TX 75089
469-426-5027
fax 469-969-0351
(e-mail) srpitzner@yahoo.com

Certificate of Conference and Service

This is to certify that on April 17, 2021 the foregoing was filed with the Court via its
CM/ECF System under which the Clerk of Court using the electronic system of filing, which
will transmit a Notice of Electronic Filing to all counsel of record.

*Steven R. Pitzner*
Steven R. Pitzner P.C.

**Motion to Dismiss of Defendants Tony Martinez and Maria Elizarraga; - Page 11 of 11**