UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PHP AGENCY INC., *Plaintiff*, v. JOSE MARTINEZ, ET AL., *Defendants*. | § | Civil Action No. 3:21-CV-0418-X |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendants Tony Martinez's and Maria Elizarraga's (referred to by the parties as the "Pitzner Defendants" based on the name of their attorney, Steven R. Pitzner) motion for reconsideration of the Court's order denying their motion to vacate the clerk's entrance of default against them. [Doc. No. 125]. The Pitzner Defendants' motion contains a number of arguments, some of which they raised in their previous motion to vacate the default, and some of which they raise for the first time in their motion for reconsideration.

First, the Pitzner Defendants claim that Federal Rule of Civil Procedure 55(b)(1) should have barred the clerk from entering "a default judgment" because PHP's request for default "did not contain any information as to the requested amount of said default judgment."[1] Despite the Court's admonition in its previous

[1] Doc. No. 125 at 1–2.

order that "there has thus far only been an entrance of default and no default judgment in this case," the Pitzner Defendants' argument invokes the process for entering default judgment, which is inapplicable here.[2] Rule 55(b) describes procedures for entering a *default judgment*; Rule 55(a) describes procedures for entering a *default*.[3] Rule 55(a) imposes no requirement that parties specify any monetary amount, so this argument fails.[4]

The Pitzner Defendants next invoke information in their motion for summary judgment—filed after the clerk's entry of default—which they claim demonstrates that "the real defendant in this matter is FFL (First Family Life)," and that the Pitzner Defendants "were brought into th[is] lawsuit by mistake and need to be dismissed since none of the alleged tortious actions of the FFL Defendants apply" to them.[5] The Pitzner Defendants make no effort to explain why FFL is the "real defendant" or what effect that would have on the clerk's entry of default against them. This contention thus has no bearing on the issue at hand.

The Pitzner Defendants' final new argument is that setting aside the default would not prejudice PHP, which would establish one factor the Fifth Circuit has noted may give rise to good cause for setting aside a default.[6] But as the Fifth Circuit has

---

[2] Doc. No. 124 at 5 n.14; *see also* Doc. No. 81 ("Clerk's Entry of Default").

[3] FED. R. CIV. PRO. 55(a), (b).

[4] *See* FED. R. CIV. PRO. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

[5] Doc. No. 125 at 3–4.

[6] Doc. No. 125 at 2–3; *see Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

also noted, such factors are "not talismanic,"[7] and the Pitzner Defendants' bare assertion that their two-week delay in filing an answer could "under no circumstances constitute any prejudice" to PHP is entirely unsupported.[8]

In any event, the Pitzner Defendants offer no reason why they did not raise these arguments in their original motions and briefs or why the Court should now consider these new arguments. "Absent a showing of good cause for the failure to make an argument, consideration of a party's newly raised ground for relief on motion for reconsideration merely saps judicial resources and invites protracted relitigation."[9]

The motion also reiterates arguments the Court has previously considered and rejected, including that the Pitzner Defendants "were unaware of the PHP request for default," that they believed PHP made a "verbal commitment" securing "an agreed informal abatement" to extend the filing deadline, and that their failure to answer was not willful.[10] Though the Pitzner Defendants now couch these arguments in terms of Rule 55(c)'s "good cause" standard for setting aside a default, the Court's stated reasons for previously rejecting them still stand, and these arguments still fail to rise to the level of "good cause" contemplated in Rule 55(c).

---

[7] *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992).

[8] Doc. No. 125 at 3.

[9] *Highland Cap. Mgmt., L.P. v. Highland Cap. Mgmt. Servs., Inc.*, No. 3:21-CV-1378-N, 2021 WL 7540296, at *2 (N.D. Tex. Dec. 7, 2021) (Godbey, J.).

[10] Doc. No. 125 at 2–3, 4–5.

For the foregoing reasons, and for the reasons stated in its previous memorandum opinion and order,[11] the Court **DENIES** the Pitzner Defendants' motion for reconsideration.

**IT IS SO ORDERED** this 27th day of September, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[11] Doc. No. 124.