UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PHP AGENCY INC, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 3:21-CV-0418-X |
| § | |
| JOSE MARTINEZ, et al., § | |
| § | |
| *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff PHP Agency, Inc.'s ("PHP") motion for default judgment against defendants Tony Martinez's and Maria Elizarraga's (referred to by the parties as the "Pitzner Defendants" based on the name of their attorney, Steven R. Pitzner) motion to vacate the clerk's entrance of default against them. [Doc. No. 135]. On March 7, 2022, the clerk entered default against the Pitzner Defendants.[1] On September 27, 2022, the Court denied the Pitzner Defendants' motion to set aside the default.[2] When PHP moved for a default judgment, the Pitzner Defendants rehashed the same arguments the Court already rejected.[3] For the reasons below, the Court **DENIES WITHOUT PREJUDICE** PHP's motion for default judgment.

There is one problem with PHP's motion for default judgment. Courts routinely refrain from granting default judgments when plaintiffs allege damages

---

[1] Doc. No. 82.

[2] Doc. No. 129.

[3] Doc. No. 137.

1

against multiple defendants before the end of the case.[4] Here, PHP sued more than the Pitzner Defendants on every claim, and the answering defendants are litigating those claims. The Court cannot grant a default judgment on an issue a party is still litigating.

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** PHP's motion for default judgment. PHP should file a motion for default judgment only after the answering defendants are no longer litigating.

**IT IS SO ORDERED** this 28th day of February, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] *See, e.g.*, *Mori Seiki USA, Inc. v. McIntyre*, No. 3:06-CV-2344-B, 2008 WL 577274, at *2 (N.D. Tex. Mar. 4, 2008) (Boyle, J.) ("Many courts have held, based on *Frow v. DeLaVega*, 82 U.S. (15 Wall.) 552, 21 L.Ed. 60 (1872), that when the plaintiff alleges joint liability against multiple defendants, an entry of default as to some of the defendants is appropriate, but a judgment should not be entered until the case has been decided with regard to all of the defendants.").